The opinion of the Court was delivered'by
Dunkin, C. J.
As early as Thayer vs. Sheriff of Charleston District, 2 Bay, 164, the Court, in speaking of Sheriffs’sales, uses this language: “ These sales are made by operation of law in which the will and consent of the defendant are never consulted. They are forced upon them; and it is their right, whatever that may be, more or less, that is sold by the Sheriff, who is a public officer of justice. There is no warranty in law, either express or implied, raised on any of the parties concerned in such a sale; neither on the part of the former owner, the defendant, nor the Sheriff) who is the mere organ of the law for transferring the right of the defendant. Caveat emptor, under those circumstances, is the best possible rule that can be laid down or adopted. Every one that goes to a Sheriff’s sale ought to take care and examine into the title of the defendant before he attempts to bid.” In Davis vs. Murray, 2 Const. Rep. 143, the Court (through Mr. Justice Cheves) recognizes this case as- settling the law of South Carolina that “Sheriffs’ sales are coupled with no implied warrantees.” If actual fraud has been practised at the sale by the defendant in the execution, it would constitute a good defence in an action to recover the difference between the two sales, as was decided in Minter vs. Dent, 3 Hill, 205; but in the plea there is no averment of fraud on the part of the defendant in the execution. See also Leger vs. Doyle, 11 Rich. 109-118.
These proceedings were instituted under the Act of 1839, p. 38, requiring the Sheriff to resell at the risk of the defaulting *107 purchaser. The plea, substantially, is, that the defendant in the execution, James M. Rhodes, had no title to the land, because, although he was the purchaser at the sale by the Ordinary and had .complied with the terms of sale, the Ordinary had failed or omitted to execute a conveyance to him. This may be so, and would show that growing out of that transaction James M. Rhodes’ title was equitable and not legal. But this does not prove that James M. Rhodes may not have had a title aliunde. He may have been one of the heirs of the intestate, as whose property the land was sold by the Ordinary, or may have had an interest in some other way. This is an inquiry which the defendant, the purchaser under the execution, should have prosecuted before he made his bid. It is not suggested that there was any fraud, and without that he cannot in this form impeach the title or invalidate the sale. The rule is caveat emptor.
Whether, under the state of facts set forth in the plea, the defendant may not be entitled to relief in another forum, we do not undertake to say, nor to do more than determine that the demurrer was properly sustained, and that the appeal is dismissed.
Wardlaw and Inglis, J. J., concurred.

Appeal dismissed.